# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE SAMBORA, ET AL.,**<br>Plaintiffs**,**<br>vs.<br>**BLUESMART INC, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-01253-YGR<br><br>**ORDER VACATING HEARING FOR ORDER TO SHOW CAUSE AND IMPOSING SANCTIONS; VACATING MOTION HEARING; SETTING COMPLIANCE HEARING**<br><br>Re: Dkt. Nos. 51, 55 |

First, having reviewed and considered defendant Bluesmart (Assignment for the Benefit of Creditors), LLC's ("Bluesmart ABC") written response to the Order to Show Cause (Dkt. No. 51 ("Response")), the Court has determined that the matter is appropriate for decision without oral argument and, accordingly, **VACATES** the show cause hearing set for Tuesday, June 12, 2018.

In their response, Bluesmart ABC's counsel indicate that they did not seek Court approval prior to filing Bluesmart ABC's sur-reply in opposition to plaintiffs' motion for preliminary injunction because "Counsel for the Assignee reviewed the Court's local rules prior to filing the Sur-Reply and believed that the Sur-Reply was filed in conformance with, and not in violation of, Civil Local Rule 7-3(d), because of the express exceptions provided at 7-3(d)(1) and (2) . . . ." (Response at 2.) However, the case of *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198 (2005) is neither "new *evidence* . . . submitted in [plaintiffs'] reply" (Civ. L.R. 7-3(d)(1) (emphasis supplied)) nor a "relevant judicial opinion *published after the date the opposition or reply was filed*," (Civ. L.R. 7-3(d)(2) (emphasis supplied)). Thus, Bluesmart ABC's sur-reply did not fall within the express exceptions of Civ. L.R.7-3(d), and Bluesmart ABC's counsel's failure to comply with the Local Rules constitutes grounds for sanctions. Had Bluesmart ABC asked permission, it could have easily avoided the situation. Instead, its self-help approach provided it with an unauthorized advantage.

Accordingly, the Court hereby **ORDERS** that counsel for Bluesmart ABC **SHALL PAY** monetary sanctions to the Court in the total amount of **$200.00**. Sanctions shall be remitted no later than **June 22, 2018**. If counsel would like to contest the imposition of sanctions, they can do so at the compliance hearing currently set for July 6, 2018.

Second, the Court is in receipt of plaintiffs' and Bluesmart ABC's joint notice of settlement and request to vacate all hearing dates and deadlines. (Dkt. No. 55.) In light of the settlement reached between plaintiffs and Bluesmart ABC, the hearing on plaintiffs' motion for preliminary injunction (Dkt. No. 28) set for June 12, 2018 is **VACATED**.

A compliance hearing shall be held on **Friday, July 6, 2018**, on the Court's **9:01 a.m.** calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California in Courtroom 1. Five (5) business days prior to the date of the compliance hearing, the parties shall file either (a) a Stipulation of Dismissal; or (b) a one-page **JOINT STATEMENT** setting forth an explanation regarding the failure to comply. If compliance is complete, the compliance hearing will be taken off calendar.

This Order terminates Docket Number 28.

**IT IS SO ORDERED.**

Dated: June 11, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**